BROWNE GEORGE ROSS LLP
ERIC M. GEORGE (State Bar No. 166403)
  egeorge@bgrfirm.com
THOMAS P. O'BRIEN (State Bar No. 166369)
  tobrien@bgrfirm.com
IVY A. WANG (State Bar No. 224899)
  iwang@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

LAW OFFICES OF TRENT COPELAND
TRENT COPELAND (State Bar No. 136890)
  trent@trentcopelandlaw.com
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone: (310) 789-1050
Facsimile: (310) 234-0212

Attorneys for Plaintiffs
I.A., a minor, by and through his guardian
*ad litem* Willnicka Renee Pollard,
individually and as successor-in-interest to
Sergio Richard Acosta, Jr., deceased,
SERGIO ACOSTA, and DELMY
ACOSTA ARELY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.A., a minor, by and through his guardian *ad litem* Willnicka Renee Pollard, individually and as successor-in-interest to Sergio Richard Acosta, Jr., deceased; SERGIO ACOSTA, individually; DELMY ACOSTA ARELY, individually, <br><br> Plaintiffs, | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **42 U.S.C. § 1983 (Fourth Amendment—Excessive Force)** <br> 2. **42 U.S.C. § 1983 (Fourth Amendment and Fourteenth** |

vs.

CITY OF REDONDO BEACH, a municipality; and DOES 1 to 10, inclusive,

Defendants.

Amendment—Denial of Medical Care)
3. **42 U.S.C. § 1983 (Fourteenth Amendment—Interference with Familial Relationship)**
4. **42 U.S.C. § 1983 (Unlawful Custom, Policy, and Practice)**
5. **California Tom Bane Civil Rights Act**
6. **Wrongful Death**
7. **Battery**
8. **Negligence (Excessive Force)**
9. **Negligence (Failure to Provide Medical Care)**

**DEMAND FOR JURY TRIAL**

Plaintiff I.A., a minor, by and through his guardian *ad litem* Willnicka Renee Pollard, both individually and as successor-in-interest to Sergio Richard Acosta, Jr. ("DECEDENT"), and Plaintiffs Sergio Acosta ("SERGIO") and Delmy Acosta Arely ("DELMY"), individually (collectively, "Plaintiffs"), by and through their attorneys of record, hereby allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring one or more claims in this action under 42 U.S.C. § 1983, and thus this Court has original jurisdiction over those claims under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in the United States District Court for the Central District of California because it is a judicial district in which a substantial part of the events or omissions giving rise to the claims in this action occurred, 28 U.S.C. § 1391(b)(2), and because, upon information and belief, it is a judicial district in which one or more defendants reside, all of whom are residents of the State of

1  California, 28 U.S.C. § 1391(b)(1).

2                                **PARTIES**

3       3.      Plaintiff I.A., a minor, is, and at all times mentioned was, an individual

4  residing in Culver City, California.  Plaintiff I.A. is the natural son of DECEDENT.

5  Plaintiff I.A. is DECEDENT's successor-in-interest as defined in Section 377.11 of

6  the California Code of Civil Procedure and succeeds to DECEDENT's interest in

7  this action as the natural son of DECEDENT.  Plaintiff I.A. sues in his individual

8  capacity as the son of DECEDENT and also as the successor-in-interest to

9  DECEDENT.

10      4.      Plaintiffs SERGIO and DELMY are, and at all times mentioned were,

11  individuals residing in the City of Redondo Beach, California, and the natural

12  parents of DECEDENT.  Plaintiffs SERGIO and DELMY sue in their individual

13  capacity as the parents of DECEDENT.

14      5.      At all relevant times, Defendant City of Redondo Beach ("City") was

15  and is a local government municipality located within the County of Los Angeles,

16  State of California.  Upon information and belief, Defendant City owns, controls,

17  manages, and/or supervises the Redondo Beach Police Department and all of its

18  respective officials, officers, and employees.

19      6.      At all relevant times, DOES 1 through 10 were police officers

20  employed by Defendant City and/or the Redondo Beach Police Department.  At all

21  relevant times, DOES 1 through 10 were acting within the course and scope of their

22  employment, and were acting under color of state law.  The identities and particular

23  capacities of DOES 1 through 10 are presently unknown to Plaintiffs.  Plaintiffs

24  therefore sue these defendants by fictitious names.  Plaintiffs are informed and

25  believe and therefore allege that DOES 1 through 10 were responsible in some

26  manner for the occurrences herein alleged, and that the death of Plaintiffs' son as

27  herein alleged were proximately caused by said defendants.  Plaintiffs will amend

28  the Complaint to substitute the true names and capacities of DOES 1 through 10

1  when ascertained.

2     7.    Plaintiffs are informed and believe and therefore allege that each

3  Defendant was an agent and co-conspirator of each of their co-defendants and in

4  doing the acts herein alleged were acting within the scope of such agency and

5  conspiracy, and with the knowledge and permission of their co-defendants.

6                           **FACTUAL ALLEGATIONS**

7     8.    DECEDENT was the 24-year-old father of I.A. and the son of SERGIO

8  and DELMY.  DECEDENT died in front of a residence in Redondo Beach,

9  California on July 26, 2018, after being shot by Redondo Beach Police Officers,

10  including DOES 1 through 10.

11     9.    Upon information and belief, DECEDENT was alone in front of the

12  residence in Redondo Beach when an unmarked car driven by a Redondo Beach

13  Police Officer approached the residence.  Arriving in both marked and unmarked

14  police vehicles, Redondo Beach Police Officers, including DOES 1 through 10, shot

15  and killed DECEDENT in front of the residence.

16     10.    At all relevant times, DECEDENT was unarmed and did not pose an

17  immediate threat of death or serious bodily injury to himself or to anyone else,

18  including DOES 1 through 10.  DOES 1 through 10 used excessive force in shooting

19  and killing DECEDENT.  Moreover, the use of excessive force by DOES 1 through

20  10 was caused by Defendant City's failure to train its officers properly and

21  adequately on the use of deadly force.

22     11.    Upon information and belief, after being shot, DECEDENT was

23  immobile and in obvious and critical need of emergency medical care and treatment.

24  DOES 1 through 10 did not timely summon medical care or permit medical

25  personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused

26  DECEDENT extreme physical and emotion pain and suffering, and was a

27  contributing cause of DECEDENT's serious injuries and death.

28     12.    DECEDENT's death was caused by Defendant City and DOES 1

through 10.  As a direct and proximate result of Defendants' misconduct, Plaintiffs suffered and continue to suffer emotional distress, mental anguish, and pain, as well as the loss of the love, companionship, affection, comfort, care, society, and support of DECEDENT, in an amount to be determined at trial.  The aforementioned acts also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death. Plaintiffs further incurred funeral and burial expenses as a result of Defendants' misconduct.  Plaintiff I.A. was financially dependent on DECEDENT for the necessities of life.  In addition, the conduct of DOES 1 through 10 was malicious, oppressive, and in reckless disregard of DECEDENT and Plaintiffs' rights, thus entitling Plaintiffs to punitive damages.

## FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment)**

**<u>Against DOES 1 through 10</u>**

13.     Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

14.     At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City, and were thus each acting under color of state law.

15.     DOES 1 through 10 used excessive force against DECEDENT when they shot him.  The unjustified shooting of DOES 1 through 10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment and applied to state actors through the Fourteenth Amendment.

16.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.  As a result of the foregoing, Plaintiffs suffered and continue to suffer psychological distress, and emotional trauma, as well as the loss of the love, companionship, affection, comfort, care, society, and support of

DECEDENT.  Plaintiffs further incurred funeral and burial expenses as a result of the misconduct of DOES 1 through 10.

17.   The conduct of DOES 1 through 10 was willful, wanton, malicious, oppressive, and done with reckless disregard for the rights and safety of DECEDENT.

18.   Plaintiff I.A. brings this claim as successor-in-interest to DECEDENT.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983—Denial of Medical Care in Violation of the Fourth Amendment and Fourteenth Amendment)

### <u>Against DOES 1 through 10</u>

19.   Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

20.   At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City, and were thus each acting under color of state law.

21.   DOES 1 through 10 had an obligation under the Fourth Amendment and Fourteenth Amendment to summon and/or provide medical care for DECEDENT after shooting him.  DOES 1 through 10 failed to do either.  DOES 1 through 10 therefore deprived DECEDENT of rights guaranteed to him under the Fourth Amendment and Fourteenth Amendment.

22.   As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.  As a result of the foregoing, Plaintiffs suffered and continue to suffer psychological distress, and emotional trauma, as well as the loss of the love, companionship, affection, comfort, care, society, and support of DECEDENT.  Plaintiffs further incurred funeral and burial expenses as a result of the misconduct of DOES 1 through 10.

23.   The conduct of DOES 1 through 10 was willful, wanton, malicious,

1   oppressive, and done with reckless disregard for the rights and safety of

2   DECEDENT.

3       24.    Plaintiff I.A. brings this claim as successor-in-interest to DECEDENT.

4   **THIRD CAUSE OF ACTION**

5   **(42 U.S.C. § 1983—Interference with Familial Relationship in Violation of the**

6   **Fourteenth Amendment)**

7   **<u>Against DOES 1 through 10</u>**

8       25.    Plaintiffs re-allege and incorporate the allegations set forth in the

9   preceding paragraphs as though fully set forth at length.

10       26.    Plaintiffs had a cognizable interest under the Due Process Clause of the

11   Fourteenth Amendment to be free from state actions that deprive them of life,

12   liberty, or property in such a manner as to shock the conscience, including but not

13   limited to unwarranted state interference in Plaintiffs' familial relationship with their

14   son, DECEDENT.

15       27.    At all relevant times, DOES 1 through 10 were each acting within the

16   course and scope of their employment as peace officers of Defendant City, and were

17   thus each acting under color of state law.

18       28.    The excessive force used by DOES 1 through 10 against DECEDENT,

19   as well as the failure of DOES 1 through 10 to timely summon or provide adequate

20   medical care to DECEDENT, shocks the conscience, in that they acted with

21   deliberate indifference to the aforementioned constitutional rights of DECEDENT

22   and Plaintiffs.

23       29.    As a direct and proximate result of the aforementioned acts of DOES 1

24   through 10, Plaintiffs suffered and continue to suffer emotional distress, mental

25   anguish, and pain, as well as the loss of the love, companionship, affection, comfort,

26   care, society, and support of DECEDENT.  Plaintiffs further incurred funeral and

27   burial expenses as a direct and proximate result of the misconduct of DOES 1

28   through 10.

30.     The conduct of DOES 1 through 10 was malicious, oppressive, and in reckless disregard of DECEDENT and Plaintiffs' rights.

31.     Plaintiffs bring this claim individually against DOES 1 through 10.

### FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983—Unlawful Custom, Policy, and Practice)

### <u>Against Defendant City</u>

32.     Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

33.     Defendant City is and at all relevant times has been a local government municipality within the State of California.  Upon information and belief, Defendant City owns, controls, manages, and/or supervises the Redondo Beach Police Department, including all of their respective officials, officers, and employees.

34.     Upon information and belief, Defendant City at all relevant times possessed the authority to adopt policies and prescribe rules, regulations, customs, practices, and training procedures affecting the operation of the Redondo Beach Police Department, including those related to the use of deadly force.  In addition, Defendant City had a duty to adequately train, supervise, and discipline its police officers in order to protect the public, including DECEDENT, from unnecessary infliction of harm.

35.     At all relevant times, DOES 1 through 10 were employees and/or officers of the Redondo Beach Police Department.  At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City, and were thus each acting under color of state law.

36.     As alleged herein, DOES 1 through 10 knowingly and deliberately failed to take reasonably available measures to protect DECEDENT and Plaintiffs from a substantial risk of serious harm, thereby depriving Plaintiffs and DECEDENT of their constitutional rights in the manner alleged in the preceding paragraphs.

37.     Upon information and belief, DOES 1 through 10 acted and/or failed to act pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of Defendant City.  Defendant City knowingly maintains and permits official and *de facto* customs, policies, practices, and/or procedures relating to the use of deadly force.  These customs, policies, practices, and/or procedures caused the unlawful actions and/or omissions of DOES 1 through 10 that deprived DECEDENT and Plaintiffs of their constitutional rights.  The customs, policies, practices, and/or procedures of Defendant City were the factual and proximate causes of, and the moving forces behind, DECEDENT and Plaintiffs' injuries.

38.     Upon information and belief, Defendant City failed to adopt policies concerning the use of deadly force that were adequate to prevent violations of the law by its employees, including by DOES 1 through 10.  Defendant City's failure to adopt such policies was done with deliberate indifference to the substantial risk that its policies were inadequate to prevent such violations of the law, including by DOES 1 through 10.  Defendant City's failure to adopt such policies or otherwise prevent the violations of law by its employees caused the deprivation of DECEDENT and Plaintiffs' constitutional rights by DOES 1 through 10; that is, Defendant City's failure to adopt adequate policies that would prevent the violations of law by its employees is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to be the moving force that caused DECEDENT and Plaintiffs' injuries.

39.     Upon information and belief, the training policies of Defendant City were not adequate to train its peace officers to properly administer the use of deadly force, which is a usual and recurring job duty and responsibility for Defendant City's officers.  Defendant City's failure to so train its officers was done with deliberate indifference to the known and obvious consequences of such a failure, which would include the unnecessary death of an unarmed man who did not pose an immediate threat of death or serious bodily injury to himself or to anyone else,

including DOES 1 through 10.  Defendant City's failure to train its officers concerning the use of deadly force caused the deprivation of DECEDENT and Plaintiffs' constitutional rights by DOES 1 through 10; that is, Defendant City's failure to train its officers is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused DECEDENT and Plaintiffs' ultimate injuries.

40.   Upon information and belief, an official with final policymaking authority for Defendant City ratified the unlawful actions and/or omissions of DOES 1 through 10 complained of herein.  That is, this official knew of and specifically made a deliberate choice to approve of such unlawful actions and/or omissions and the basis for it.

41.   Plaintiffs bring this claim individually.  Plaintiff I.A. also brings this claim as successor-in-interest to DECEDENT.

**FIFTH CAUSE OF ACTION**

**(Violation of the California Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1)**

**<u>Against All Defendants</u>**

42.   Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

43.   At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City, and were thus each acting under color of state law.

44.   DOES 1 through 10 intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting him without justification or excuse and by participating and failing to intervene in the above violence, to prevent DECEDENT from exercising his Fourth Amendment right to be secure in his person against unreasonable searches and seizures .

45.   DOES 1 through 10 intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting him without justification or excuse, by participating and failing to intervene in the above violence, and by

1   failing to timely provide or summon adequate medical care to DECEDENT after

2   shooting him to prevent Plaintiffs from exercising their Fourteenth Amendment

3   right to be free from state actions that deprive them of life, liberty, or property in

4   such a manner as to shock the conscience.

5       46.    As a result of the aforementioned acts of violence by DOES 1 through

6   10, DECEDENT was harmed by a loss of life.  The conduct of DOES 1 through 10

7   was a substantial factor in causing DECEDENT's loss of life.

8       47.    As a result of the aforementioned acts of violence by DOES 1 through

9   10, Plaintiffs suffered and continue to suffer emotional distress, mental anguish, and

10  pain, as well as the loss of the love, companionship, affection, comfort, care,

11  society, and support of DECEDENT.  Plaintiffs further incurred funeral and burial

12  expenses as a result of the misconduct of DOES 1 through 10.  The conduct of

13  DOES 1 through 10 was a substantial factor in causing Plaintiffs' harm.

14      48.    The conduct of DOES 1 through 10 was malicious, oppressive, and

15  fraudulent.

16      49.    Plaintiffs bring this claim individually.  Plaintiff I.A. also brings this

17  claim as successor-in-interest to DECEDENT.

18                          **SIXTH CAUSE OF ACTION**

19                              **(Wrongful Death)**

20                          **<u>Against All Defendants</u>**

21      50.    Plaintiffs re-allege and incorporate the allegations set forth in the

22  preceding paragraphs as though fully set forth at length.

23      51.    At all relevant times, DOES 1 through 10 were each acting within the

24  course and scope of their employment as peace officers of Defendant City.

25      52.    DECEDENT's death was a direct and proximate result of the

26  aforementioned wrongful, reckless, deliberately indifferent and negligent acts and/or

27  omissions of Defendants.

28      53.    As a direct and proximate result of the aforementioned wrongful,

reckless, deliberately indifferent and negligent acts and/or omissions of Defendants, Plaintiffs suffered and continue to suffer emotional distress, mental anguish, and pain, as well as the loss of the love, companionship, affection, comfort, care, society, and support of DECEDENT.  Plaintiffs further incurred funeral and burial expenses as a direct and proximate result of the misconduct of Defendants.

54.     The conduct of DOES 1 through 10 was malicious, oppressive, and fraudulent.

55.     Plaintiffs bring this claim individually.

## SEVENTH CAUSE OF ACTION

### (Battery)

### Against All Defendants

56.     Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

57.     At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City.

58.     In shooting DECEDENT, DOES 1 through 10 intentionally touched DECEDENT or caused DECEDENT to be touched.

59.     DOES 1 through 10 used unreasonable force to detain, prevent the escape of, or overcome the resistance of DECEDENT.

60.     DECEDENT did not consent to the use of that force.

61.     That use of unreasonable force by DOES 1 through 10 was a substantial factor in causing DECEDENT's loss of life and Plaintiffs' emotional distress, mental anguish, and pain, as well as their loss of the love, companionship, affection, comfort, care, society, and support of DECEDENT.  The misconduct of DOES 1 through 10 was also a substantial factor in causing Plaintiffs' funeral and burial expenses.  The conduct of DOES 1 through 10 was malicious, oppressive, and fraudulent.

62.     Plaintiff I.A. brings this claim as successor-in-interest to DECEDENT.

**EIGHTH CAUSE OF ACTION**

**(Negligence - Excessive Force)**

<u>**Against All Defendants**</u>

63.     Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

64.     At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City.

65.     DOES 1 through 10 each owed DECEDENT a duty to exercise reasonable care in exercising their duties as peace officers, including their use of force.

66.     DOES 1 through 10 breached that duty by using deadly force without justification against DECEDENT, who was unarmed and did not pose an immediate threat of death or serious bodily injury to himself or to anyone else.  As a factual and proximate result of these Defendants' breach of their respective duties, DECEDENT suffered great bodily harm and died.

67.     Plaintiff I.A. brings this claim as successor-in-interest to DECEDENT.

**NINTH CAUSE OF ACTION**

**(Negligence - Failure to Provide Medical Care)**

<u>**Against All Defendants**</u>

68.     Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth at length.

69.     At all relevant times, DOES 1 through 10 were each acting within the course and scope of their employment as peace officers of Defendant City.

70.     By causing DECEDENT seriously bodily injury as a result of shooting DECEDENT, DOES 1 through 10 each thereafter owed a duty to DECEDENT to summon and/or provide timely medical treatment to him.

71.     DOES 1 through 10 breached that duty by failing to take reasonable action to summon or provide access to such medical care to DECEDENT after he

was shot.  As a factual and proximate result of these Defendants' breach of their respective duties, DECEDENT suffered great bodily harm and died.

72.     Plaintiff I.A. brings this claim as successor-in-interest to DECEDENT.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1.     For an award of compensatory damages according to proof at trial;

2.     For an award of treble damages according to proof at trial;

3.     For an award of punitive damages according to proof at trial;

4.     For prejudgment and post-judgment interest on any award of damages;

5.     For all costs of suit;

6.     For an award of reasonable attorney's fees; and

7.     For any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED:  July 20, 2020                    Respectfully submitted,

BROWNE GEORGE ROSS LLP
      Eric M. George
      Thomas P. O'Brien
      Ivy A. Wang


By:    ___/s/ Eric M. George_____
                Eric M. George

DATED:  July 20, 2020

LAW OFFICES OF TRENT COPELAND


By: _____
        Trent Copeland

Attorneys for Plaintiffs I.A., a minor, by and through his guardian *ad litem* Willnicka Renee Pollard, Sergio Acosta, and Delmy Acosta Arely