O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I.A., *a minor by and through Guardian Ad Litem, Willnicka ReneePollarda*, et al.,

Plaintiff,

v.

CITY OF REDONDO BEACH, a municipality, JOHN ANDERSON,

Defendants.

Case No. CV 20-06447 DDP (JPRx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

[Dkt. 28]

Presently before the court is Defendants' Motion to Dismiss potions of Plaintiffs' First Amended Complaint ("FAC"). Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**II. Background**

On July 26, 2018, marked and unmarked police vehicles approached Sergio Richard Acosta, Jr. ("Decedent") in front of a residence in Redondo Beach, California. (FAC ¶ 20.) Officers shot and killed Decedent. (Id.) Decedents' parents, Plaintiff Sergio Acosta and Delmy Acosta Arely, and his minor child, Plaintiff I.A.,

brought the instant suit against the City of Redondo Beach ("the City"), Officer John Anderson, and several Doe defendants.

Plaintiffs allege that, beginning in September 2018, they sought public record information from the City regarding Decedent's death, including audio recordings of 911 calls. (FAC ¶ 11.) In December, a homicide detective informed Plaintiffs' investigator that the City's investigation was ongoing, and that no information would be released until the conclusion of the investigation. (FAC ¶ 12.) The same detective repeated a similar assertion in August 2019. (FAC ¶ 14.)

In March 2020, the detective confirmed that the City's investigation was complete, and stated that the Los Angeles County District Attorney's Office was reviewing the findings. (FAC ¶ 15.) That remained the case as of June 2020, when Plaintiffs filed their original Complaint in this action. (Id.) On August 24, 2020, the District Attorney's office provided Plaintiffs with a memorandum summarizing the findings of the District Attorney's Office Justice System Integrity Division. (FAC ¶ 17.)

Defendants now move to dismiss Plaintiffs' municipal liability claims, as well as all claims brought under state law.

## II. Legal Standard

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the

plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal,556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Exhaustion of state remedies

Plaintiffs' fifth through ninth causes of action assert various claims under California state law. Under California law, a plaintiff may not bring a tort claim against a public entity or employee without first complying with California's Tort Claims Act. Dragasits v. Rucker, No. 18-CV-0512-WQH-AGS, 2020 WL 264519, at *3 (S.D. Cal. Jan. 17, 2020); Mahach-Watkins v. Depee, No. C 05-1143

SI, 2005 WL 1656887, at *4 (N.D. Cal. July 11, 2005). Among the Act's requirements is that plaintiffs present a claim to state authorities within six months after the accrual of the cause of action. Cal. Gov. Code § 911.2(a); Dragasits, 2020 WL 264519, at *3. Defendants contend that, because Plaintiffs do not allege that they timely presented any such claim, the state law causes of action must be dismissed. (Motion at 6-7.)

Plaintiffs respond, and allege in the FAC, that Defendants are estopped from asserting any exhaustion argument "because Defendants refused to provide Plaintiffs with any information regarding Decedent's death . . . ." (FAC ¶ 18.) "It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." City of Stockton v. Superior Court, 42 Cal. 4th 730, 744 (2007) (internal quotation marks omitted). "Estoppel most commonly results from misleading statements about the need for or advisability of a claim; actual fraud or the intent to mislead is not essential." Id. (internal quotation marks omitted). A plaintiff seeking to estop a public entity bears the burden of showing by a preponderance of the evidence that "(1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) relied upon the conduct to his detriment." Christopher P. v. Mojave Unified Sch. Dist., 19 Cal. App. 4th 165, 170, 23 Cal. Rptr. 2d 353, 357 (1993).

Here, although Plaintiffs correctly identify the elements of estoppel, they do not point to or allege any misrepresentation or

affirmative act that dissuaded Plaintiffs from filing a tort claim.[1] Indeed, the timing of the Integrity Division's report was consistent with detectives' repeated alleged representations that an investigation was either ongoing or awaiting the District Attorney's review. Plaintiff does not appear to dispute that the City was not required to release the sought information under those circumstances. See Cal. Gov. Code § 6254(f). Plaintiffs' estoppel claim, therefore, fails.

Plaintiffs also contend, however, that their failure to file a tort claim does not bar their state law causes of action here because the causes of action did not accrue until August 24, 2020, when the Integrity Division released its report to Plaintiffs. (Opposition at 11-12.) The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." Id. (internal quotation marks omitted). "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." Id. at 807-08 (internal quotation marks and alterations omitted).

---

[1] At oral argument, Plaintiffs' referred to a City press release that conflicted with the version of events recounted in the DA's report. The FAC, however, makes no reference to this press release or any other affirmative statement from the City, aside from the detectives' repeated assertions that the investigation was ongoing.

Although the FAC alleges that the Integrity Division's memo revealed "new facts supporting Plaintiffs' causes of action that Plaintiffs could not have reasonably discovered," neither the FAC nor Plaintiff's opposition states what those facts are. (FAC ¶ 17.) "In order to raise the issue of belated discovery, the plaintiff must state when the discovery was made, the circumstances behind the discovery, and plead facts showing that the failure to discover was reasonable, justifiable and not the result of a failure to investigate or act." Bastian v. Cty. of San Luis Obispo, 199 Cal. App. 3d 520, 527 (1988). Although the first two of these three requirements are satisfied here, this Court cannot conclude that Plaintiffs' failure to discover the "new facts" was reasonable or justifiable without knowing what those "new facts" entail. The California Tort Claims Act therefore bars Plaintiffs' state law claims, as currently pleaded.

B. Monell claims

Plaintiffs' Fourth Cause of Action asserts a Monell claim on unconstitutional practice or custom, failure to train, and ratification theories. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). With respect to the former, Plaintiffs allege only that officers "acted and/or failed to act pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of Defendant City," with no further explanation of what the City's express policy or longstanding practice is. (FAC ¶ 49.) Plaintiffs, citing Duronslet v. Cty. of Los Angeles, 266 F. Supp. 3d 1213, 1220 (C.D. Cal. 2017), contend that such an allegation, made on information and belief, is sufficient because evidence regarding the City's policy is in the

City's exclusive possession. Plaintiffs' reliance on Duronslet, however, is misplaced. There, the court indeed stated that "courts have permitted plaintiffs to plead ultimate facts solely on information and belief where the underlying evidence is 'peculiarly in the defendant's possession and control.'" Duronslet, 266 F. Supp. 3d at 1221 (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).) The question whether the existence of a specific policy may be pleaded on information and belief, however, is separate from the question whether a specific policy need be pleaded in the first instance. In Duronslet, the plaintiff did not merely plead that the defendant County had an unconstitutional policy, but rather identified a specific policy of treating detainees and minors under the supervision of the Department of Children and Family Services according to assigned sex at birth, regardless of individual circumstances or gender identity. Duronslet, 266 F.3d at 1220. The allegations here are nowhere near as specific. As other courts have explained, "[a]lthough plaintiff may benefit from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient to 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (quoting Iqbal, 556 U.S. at 678-79).

With respect to failure to train, generally, a plaintiff can only succeed by showing a pattern of violations. Connick v. Thompson, 563 U.S. 51, 64, 70 (2011); see also Dillman v. Tuolumne Cty., No. 1:13-CV-00404 LJO, 2013 WL 1907379, at *14 (E.D. Cal. May 7, 2013). Furthermore, "the identified deficiency in the training program must be closely related to the ultimate injury." City of

Canton, Ohio v. Harris, 489 U.S. 378, 379 (1989). Plaintiffs' conclusory allegation that "the training policies of Defendant City were not adequate to train its peace officers to properly administer the use of deadly force" satisfies neither of these prescriptions.

Plaintiffs' ratification allegations are even more conclusory. The FAC alleges only that, upon information and belief, "an official with final policymaking authority for Defendant City ratified the unlawful actions and/or omissions of Defendant Anderson" and other officers. (FAC ¶ 52.) This is no more than a formulaic recitation of the elements of a ratification claim. See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (plaintiff may establish Monell liability by proving "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.").

Accordingly, Plaintiffs' Monell claim must be dismissed.

**IV. Conclusion**

For the reasons stated above, Plaintiffs' Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action are DISMISSED, with leave to amend. Any amended complaint shall be filed by November 30, 2020.

IT IS SO ORDERED.

Dated: November 2, 2020

DEAN D. PREGERSON
United States District Judge