O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I.A., *a minor by and through Guardian Ad Litem, Willnicka ReneePollarda*, et al.,

Plaintiff,

v.

CITY OF REDONDO BEACH, a municipality, JOHN ANDERSON,

Defendants.

Case No. CV 20-06447 DDP (JPRx)

**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AS FRIVOLOUS**

[Dkt. 111]

Presently before the court is Plaintiffs' Motion to Certify Defendant's Interlocutory Appeal as Frivolous (Dkt. 111). Having considered the submissions of the parties, the court grants the motion, certifies Defendant's appeal as frivolous, and adopts the following Order.[1]

**I. Background**

The facts of this case are known to the parties, and recounted only briefly here. On July 26, 2018, Redondo Beach Police Officer Defendant John Anderson responded to a "man with a gun" radio call

[1] The court has granted Plaintiff's unopposed ex parte application to shorten time with respect to the instant motion, and has considered Defendant Anderson's opposition to the motion.

and encountered Sergio Acosta. According to Anderson, Acosta was carrying a gun tucked into his armpit, and thrice ignored Anderson's commands to drop the gun before moving his hand toward the gun, at which point Anderson shot and killed Acosta. Other witness accounts differed. At least four witnesses stated that they never heard Anderson give any commands. In addition, eyewitness Ginger Mungarro told police that "the cops rolled up in an unmarked car, and [Acosta] got shot. . . . I didn't think they would shoot that fast. . . . [H]e said all right, all right." (Dkt. 74-2, Ex. F at 9.) When asked what Acosta did prior to being shot, Mungarro stated, "He went like this with his hands up," with the gun in hand. (Id. at 10.) Mungarro further stated, "they didn't tell him to drop it or anything." (Id.)

Plaintiffs brought the instant suit, alleging claims under 42 U.S.C. § 1983. Defendant Anderson moved for summary judgment. (Dkt 74.) This Court denied Defendant's motion. ("Order", Dkt. 95). The court acknowledged that Anderson's use of force may have been justified under Defendant Anderson's version of events. (Order at 8.) As the court explained, however, "the question [on summary judgment] is not whether a reasonable jury could find for Defendant. The question, rather, is whether a rational trier of fact could, drawing all inferences in favor of Plaintiffs, find for Plaintiffs." (Order at 8.) See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Given the evidence calling into Anderson's story into question, including Mungarro's statements, this Court concluded that "[t]he law does not permit a grant of summary judgment under circumstances such as those here, where there are disputes about material facts." (Order at 11.) The

court further noted that this material dispute of fact also precluded a grant of summary judgment on the basis of qualified immunity. (Order at 11 n. 8). See Morales v. Fry, 873 F.3d 817, 824 (9th Cir. 2017) (citing commentary to Ninth Circuit Model Civil Jury Instruction 9.34 (2017); see also Espinosa v. City & Cty. of San Francisco, 598 F.3d 528, 532 (9th Cir. 2010).

Following this Court's denial of his motion for summary judgment, Defendant Anderson proceeded to file several motions in limine in advance of trial.[2] (Dkts. 98-102). Defendant then filed a Notice of Appeal, purporting to appeal "from that portion of [the summary judgment] order that denied defendant Anderson's request for qualified immunity." (Dkt. 110).

Plaintiffs now move for certification that Defendant Anderson's interlocutory appeal is frivolous.

**II. Discussion**

"[A] district court's denial of qualified immunity is immediately appealable to the extent it turns on an issue of law." Sharp v. County of Orange, 871 F.3d 901, 909 n. 6 (9th Cir. 2017) (emphasis added); see also Jeffers v. Gomez, 267 F.3d 895, 903 (9th Cir. 2001) ("[Appellate] jurisdiction in these matters generally is limited to questions of law and does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact."). Where an interlocutory appeal is proper, the filing of a notice of appeal divests the district court of jurisdiction. Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992).

[2] The court notes that Defendant Anderson violated this Court's Standing Order on Procedures by filing more motions in limine than permitted under that Order.

Where a district court finds that an appeal is frivolous, however, and certifies such in writing, the court is not divested of jurisdiction, and the matter may proceed to trial. Id.

Here, Defendant contends that his appeal is not frivolous because he will argue that (1) the disputed facts underlying this Court's denial of summary judgment are not material, and (2) Defendant is entitled to summary judgment even if Plaintiffs' version of facts is presumed correct. (Opposition at 2.) These arguments appear to be premised on mischaracterizations of the record, including this Court's Order, and a continued, fundamental misunderstanding of the law, and have no merit.

Defendant first sets up a straw man, arguing that even if Anderson did not give any warnings before shooting Acosta, "that fact alone would not be dispositive as to whether the defendant violated the decedent's rights." (Opp. at 3:7-8). This Court, however, has never suggested that a failure to warn would itself render Anderson's use of force unreasonable. To the contrary, the court explained that "the question [in an excessive force case] is whether a police officer's actions were objectively reasonable under the totality of the circumstances." (Order at 7.) As this Court observed, whether and what warnings were given is but one element of a totality of the circumstances analysis.[3] (Order at 8, citing Deorle v. Rutherford, 272 F.3d 1272, 1283-84 (9th Cir. 2001); Gonzalez v. City of Anaheim, 747 F.3d 789, 794 (9th Cir.

[3] As Defendant acknowledges, a failure to warn would also bear on Anderson's credibility, which would not be at issue, however, if an appellate court were to assume the truth of Plaintiffs' version of facts, as Defendant purports to do. (Opp. at 3:12-14.)

2014); and S.R. Nehad v. Browder, 929 F.3d 1125, 1137-38 (9th Cir. 2019).)

Defendant's only other argument centers on Mungarro's statements. Mungarro stated to police that "[Acosta] went like this with his hands up." Drawing all inferences in favor of Plaintiffs, this Court concluded that a reasonable trier of fact could interpret this evidence to show that Acosta "had his hands up when he was shot." (Order at 10:6-7.) Here, Defendant argues that Mungarro's "actual words paint a very different picture: just before Sgt. Anderson fired, the suspect raised his hands – one of which had a gun in it." (Opp. at 4:5-6).

This assertion is fundamentally inconsistent with Defendant's threshold argument that questions of disputed fact can be subject to interlocutory appeal. In Bingue v. Prunchak, the Ninth Circuit recognized the general principle that appellate jurisdiction over summary judgment claims "does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact." 512 F.3d 1169, 1172 (9th Cir. 2008). The court nevertheless held that appellate jurisdiction might exist, notwithstanding disputed facts, so long as the appellate court "assum[es] that the version of the material facts asserted by the non-moving party is correct." Id. (quoting Jeffers, 267 F.3d at 903). Here, however, Defendant cannot credibly contend that Plaintiffs assert that Acosta precipitated the shooting by raising his hands while holding a gun. Rather, that is Defendant's interpretation of Mungarro's statement that Acosta "went like this with hands up." As he did at the summary judgment stage, Defendant

again draws all inferences in his own favor rather than in favor of Plaintiffs.

Plaintiff goes on to contend "that even if Ms. Mungarro's statement is deemed to be an accurate description of what happened, the clearly established law not only did not explicitly prohibit Sgt. Anderson's actions, it actually authorized his actions." (Opp. at 4:19-23.) This assertion echoes a mistaken, disturbing interpretation of the law twice put forth by Defendant at the summary judgment stage. To reiterate, Plaintiffs' version of events, drawing all inferences from Mungarro's statements in Plaintiffs' favor, is that Acosta was shot while holding a gun with his hands raised, after saying, "Alright, alright" to Anderson. As this Court has explained, Defendant is simply wrong when he argues that, so long as Acosta was armed and Anderson knew Acosta had fired a weapon earlier, any other circumstances were "immaterial" and the use of lethal force was reasonable as a matter of law. (Order at 10.) "It is well-established that '[t]he mere fact that a suspect possesses a weapon does not justify deadly force.'" (Id. quoting Hayes v. County of San Diego, 736 F.3d 1223, 1233 (9th Cir. 2013); see also Nehad, 929 F.3d at 1134 ("That a person is armed does not end the reasonableness inquiry."). Defendant can make no colorable argument that Mungarro's statements, as interpreted by Plaintiffs, "authorized" Anderson's use of deadly force.

**III. Conclusion**

Nothing in this Order or the court's prior Order should be read to suggest that the court takes any position as to the strength of Plaintiffs' claims or the credibility of Mungarro's, or any other witness', statements. It is indisputable, however, that

under Plaintiffs' version of the facts, a reasonable trier of fact could find for Plaintiffs. Defendant cannot create interlocutory appellate jurisdiction where none exists simply by mischaracterizing Plaintiffs' interpretation of the evidence or by labeling any genuine dispute immaterial.

For these reasons, and for the reasons stated above, Plaintiffs' Motion is GRANTED. The court hereby certifies that Defendant's appeal of this Court's denial of summary judgment is frivolous. All pretrial deadlines remain in force.

IT IS SO ORDERED.

Dated: October 17, 2023

DEAN D. PREGERSON
United States District Judge